PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BRANDON BOVENZI, ) | |
| ) | CASE NO. 1:20CV0185 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| ANDREW M. SAUL, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | [Resolving ECF No. 16] |

On April 18, 2017, Plaintiff Michael Brandon Bovenzi filed an application for supplemental security income ("SSI"). On the date the application was filed, Plaintiff was 29 years old, which is defined as a younger individual age 18-49. *See* 20 C.F.R. 416.963. An Administrative Law Judge ("ALJ") denied Plaintiff's claim after a January 9, 2019 hearing with testimony being offered by Plaintiff and a vocational expert ("VE"). That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision.[1] After both parties filed briefs, the magistrate judge submitted a Report and Recommendation (ECF No. 15) reasoning that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence and was made pursuant to proper

---

[1] The Court referred the case to Magistrate Judge Jonathan D. Greenberg for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). On July 23, 2020, the case was reassigned from Magistrate Judge Greenberg to Magistrate Judge Carmen E. Henderson pursuant to General Order 2020-16.

(1:20CV0185)

legal standards. The magistrate judge recommends the Commissioner's decision denying benefits be affirmed. For the reasons given below, the undersigned agrees.

## I.

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). Objections to the Report and Recommendation must be specific, not general, to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes "whether [the Commissioner's] decision is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g). The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health*

2

(1:20CV0185)

*and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Hines v. Comm'r of Soc. Sec.*, No. 13-12568, 2014 WL 3819329, at *2-3 (E.D. Mich. Aug. 4, 2014).

3

(1:20CV0185)

## II.

The Court has reviewed the Report and Recommendation (ECF No. 15) *de novo*. The Court has also considered Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 16) and Defendant's Response (ECF No. 17).

Plaintiff claimed he was disabled due to ADHD, depression, mood disorder, anxiety, psychosis, obesity, learning disorder, and hyperhidrosis. The magistrate judge recommends that the Court find that: (1) the ALJ properly evaluated the evidence and opinions of the treating and examining sources, ECF No. 15 at PageID #: 718-24; (2) substantial evidence supports the decision of the ALJ to find Plaintifft's allegations of his limitations less than fully credible, ECF No. 15 at PageID #: 724-29; and, (3) the ALJ met her burden at step five of the sequential analysis, ECF No. 15 at PageID #: 729-31.

Plaintiff objects to the Report and Recommendation (ECF No. 15). He declares that this matter should be remanded: (1) to address whether the ALJ provided a coherent explanation for the decision to find that the opinion of the treating psychiatrist, Dr. Luis Ramirez, was not persuasive; (2) for a credibility determination in accordance with the procedural safeguards of Social Security Ruling 16-3p, 2017 WL 5180304 (Oct. 25, 2017); and, (3) to address whether a person with Plaintiff's limitations can engage in substantial gainful activity on a sustained basis.

## III.

### A.

The Report and Recommendation found that the ALJ properly evaluated the opinion evidence in this matter when she found the opinions of the reviewing, examining, and treating

4

(1:20CV0185)

sources were not persuasive. ECF No. 15 at PageID #: 719-24. The Report specifically found that the ALJ adequately explained her decision to find that the opinion of the treating psychiatrist was not persuasive. ECF No. 15 at PageID #: 722-24.

In September 2018, Dr. Ramirez completed a two-page form entitled " Mental Impairment Questionnaire," which consisted of some fill-in-the-blank answers, but mostly check-boxes ECF No. 9 at PageID #: 476-77. He opined that Plaintiff's ability to sustain concentration and persistence was mostly seriously limited, but his ability to understand, remember and interact socially was limited but satisfactory. ECF No. 9 at PageID #: 476-77. Dr. Ramirez also opined that Plaintiff was unable to set realist goals, seriously limited in his ability to respond appropriately to changes in the work setting, and he would be off-task 100% of any given workday. ECF No. 9 at PageID #: 477. He opined that Plaintiff either had "limited but satisfactory" ability or "seriously limited, but not precluded" ability in nearly every mental functional capacity. ECF No. 9 at PageID #: 476-77.

The ALJ explained why she was not persuaded by Dr. Ramirez's opinion:

> . . . the medical evidence of record shows that the claimant's attention and concentration were intact when formally examined by Dr. Woodworth (3F). Additionally, his opinion [that] the claimant would be off-task 100% of a workday is rejected as an exaggeration because there is no support whatsoever in the Signature [Health] treatment notes or the cumulative evidence in the record. As noted above, the claimant's therapist documented the claimant would frequently come to appointments early or on time, would be "actively engaged in the session," would discuss his interpersonal relationships, and address coping skills. All of which indicates a measure of ability to concentrate, be on task and which negates Dr. Ramirez's opinion. (4F; 6F; 8F).

ECF No. 9 at PageID #: 76-77. Plaintiff argues this paragraph from the ALJ' Decision does not address the limitations set forth in the opinion of Plaintiff's treating psychiatrist. He contends the

5

(1:20CV0185)

ALJ failed to provide coherent explanations for her findings and conclusion to discount the opinion of Dr. Ramirez. Plaintiff observes Dr. Ramirez supported his opinion with notes that, as a result of his monthly meetings with Plaintiff, he found that Plaintiff had depression and problems with concentration. ECF No. 9 at PageID #: 76.

In *Lester v. Saul*, No: 5:20CV1364, 2020 WL 8093313 (N.D. Ohio, Dec. 11, 2020), *report and recommendation adopted*, No.5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021) (Adams, J.), another magistrate judge recently wrote: "Although the regulations eliminate the 'physician hierarchy,' deference to specific medical opinions, and assigning 'weight' to a medical opinion, the ALJ must still 'articulate how [he/she] considered the medical opinions' and 'how persuasive [he/she] find[s] all of the medical opinions.' " *Id.* at *10 (quoting *Ryan L.F. v. Comm'r of Soc. Sec.*, No. 6:18-cv-01958-BR, 2019 WL 6468560, at *4 (D. Ore. Dec. 2, 2019) (quoting 20 C.F.R. §§ 404.1520c(a) & (b)(1), 416.920c(a) & (b)(1)). The Court concluded that even though "the new standards are less stringent in their requirements for the treatment of medical opinions, they still require that the ALJ provide a coherent explanation of his reasoning." *Id.* at *14.

Under the new regulations applicable to claims filed on or after March 27, 2017, the opinions of Dr. Ramirez are not entitled to any specific evidentiary weight. 20 C.F.R. § 416.920c(a). And, in accordance with the regulations, when considering the persuasiveness of Dr. Ramirez's opinions, the ALJ considered the consistency and supportability of those opinions. ECF No. 9 at PageID #: 76-77. For example, the ALJ explained that the conclusions of Dr. Ramirez were not consistent with the cumulative medical evidence of record. Considering the

(1:20CV0185)

foregoing, the Court finds that Plaintiff's argument that remand is warranted to address whether the ALJ provided a coherent explanation for the decision to find that the opinion of Dr. Ramirez was not persuasive is without merit.

### B.

The ALJ failed to discuss the intensity, persistence, and limiting effects of Plaintiff's symptoms in her unified statement regarding his subjective complaints. *See* ECF No. 9 at PageID #: 72-73. The magistrate judge, however, found that the ALJ's error was harmless, ECF No. 15 at PageID #: 725; 727, and cited *Mace v. Comm'r of Soc. Sec.*, No. 1:19CV1502, 2020 WL 7040592, at *4 (N.D. Ohio Nov. 30, 2020) (Boyko, J.). Plaintiff disagrees. He correctly observes the district court in *Mace* found the ALJ's error was harmful as the ALJ violated SSR 16-3p's "procedural safeguard" by failing to explain how he evaluated a symptom. *Id.* According to Plaintiff, the ALJ's error in the case at bar was harmful to him because the ALJ failed to consider the fact that Plaintiff's testimony regarding his limitations was corroborated by the observations from Signature Health. He contends this testimony combined with the psychological records in this matter document that Plaintiff was unable to engage in substantial gainful activity on a sustained basis.

As pointed out by the Commissioner's Response (ECF No. 17), the *Mace* case is not essential to the finding in the Report and Recommendation regarding the ALJ's evaluation of Plaintiff's symptoms, ECF No. 15 at PageID #: 727. In *Forrest v. Comm'r of Soc. Sec.*, a case also cited by the magistrate judge, the Sixth Circuit found that an ALJ's discussion of Plaintiff's subjective symptoms elsewhere in the decision was sufficient to bolster the ALJ's boilerplate

7

(1:20CV0185)

evaluation of subjective symptoms earlier in the decision. 591 Fed.Appx. 359, 366 (6th Cir. 2014). In other words, an ALJ's analysis is not "unreasoned because the ALJ did not incorporate that information within a single paragraph. There is no requirement of such tidy packaging. . . ." *Buckhanon ex rel. J.H. v. Astrue*, 368 Fed.Appx. 674, 678 (7th Cir. 2010). The Court agrees with the magistrate judge that the ALJ's decision as a whole considered all of the relevant evidence and that a reasonable mind might accept that evidence as adequate to support the ALJ's credibility finding. ECF No. 15 at PageID #: 729.

### C.

At Step Five of the sequential analysis, after considering Plaintiff's vocational factors, residual functional capacity ("RFC"), and the evidence from the vocational expert ("VE"), the ALJ found that Plaintiff was capable of performing work that existed in significant numbers in the national economy. Transcript (ECF No. 9) at PageID #: 77-78. Examples of such jobs are laundry worker, cleaner, and garment sorter. ECF No. 9 at PageID #: 78. Thus, the ALJ concluded that Plaintiff was not disabled. ECF No. 9 at PageID #: 78. Plaintiff argues the ALJ failed to incorporate the fact that Plaintiff had a history of leaving jobs and "the longest job [he] had was for three days." ECF No. 9 at PageID #: 90. The Court agrees with the magistrate judge that Plaintiff's arguments regarding the ALJ's Step Five determination are without merit and not a basis for remand.

The ALJ's hypothetical questioning to a VE during an administrative hearing must precisely and comprehensively set forth every physical and mental impairment that the ALJ accepts as true and significant. See *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779

8

(1:20CV0185)

(6th Cir. 1987). When the hypothetical question is supported by evidence in the record, it need not reflect unsubstantiated complaints by the claimant. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). In formulating the hypothetical, the ALJ only needs to incorporate those limitations she accepts as credible. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). The Court concludes that the ALJ Step Five analysis comported with the Commissioner's burden at Step Five.

**IV.**

Accordingly, Plaintiff's Objections (ECF No. 16) are overruled. The Report and Recommendation (ECF No. 15) is adopted. The decision of the Commissioner of Social Security is affirmed. Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

  March 31, 2021                                 */s/ Benita Y. Pearson*
Date                                                   Benita Y. Pearson
                                                           United States District Judge